## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | |
| **ISAAC K. AMANKWAH,** | **Bankr. Case No. 18-13848-BFK** |
| **Debtor.** | **Chapter 7** |
| **JOHN P. FITZGERALD, III,**<br>**United States Trustee**<br>**For Region Four,** | |
| **Movant,**<br>v. | |
| **ISAAC K. AMANKWAH,** | |
| **Respondent.** | |

### UNITED STATES TRUSTEE'S MOTION
### UNDER 11 U.S.C. § 707(b)(1) TO DISMISS CHAPTER 7 CASE FOR ABUSE

John P. Fitzgerald, III, United States Trustee for Region Four, by and through his

undersigned counsel, moves to dismiss this chapter 7 case under the provisions of 11 U.S.C. §

707(b)(1). In support thereof, the United States Trustee alleges the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C.

157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)

and (O). This motion is filed under 11 U.S.C. § 707(b)(1).

Office of United States Trustee
Joseph A. Guzinski, Asst. U. S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274
joseph.a.guzinski@usdoj.gov

## <u>FACTUAL BACKGROUND</u>

2. This case commenced with the filing of a chapter 7 voluntary petition on November 13, 2018. Along with the petition the Debtor filed Schedules, Summary of Schedules, Statistical Summary of Certain Liabilities and Related Data ( 28 U.S.C. § 159), Declaration Concerning Debtor's Schedules, and a Chapter 7 Statement of Intention, Chapter 7 Statement of Current Monthly Income – Official Form 122A-1 ("Income Form") and Chapter 7 Means-Test Calculation – Official Form 122A-2 ( "the Means Test Form"). *See Docket #1.*

3. The § 341(a) meeting for the case was conducted on December 20, 2018 by the chapter 7 trustee, Janet Meiburger.

4. On the Debtor's Income Form, he states his annualized Current Monthly Income ("CMI"), as defined by §§101(10A) and 707(b)(2) of the Bankruptcy Code is $199,406.04, or $16,617.17 per month. His annualized monthly income exceeds the applicable median family income for a household size of five (5) which is $111,151.00. As a result, the Debtor was directed to complete Official Form 122A-2- Chapter 7 Means Test Calculation in order to determine the presumption of abuse. See *Docket #1 at 43 &44.*

5. Although the Debtor indicated on the Means Test Form that the presumption of abuse does not arise, the United States Trustee, after performing his own calculations, determined that in actuality the presumption of abuse did arise.

6. Thus, on December 27, 2018, the United States Trustee filed a statement with the Court that the Debtors' case was presumed to be an abuse. *See Docket #12.*

7. Schedule I reports a combined average monthly income of $10,762.44 for both the Debtor and his non-filing spouse. The Debtor is employed by CSRA, LLC as a Systems Engineer.  Mrs. Amankwah is employed by ATI Solutions as the Director of HR. *See Docket #1, page 27.*

8. Schedule J lists that the Debtor has only one dependent, a son age 18.  However, at the §341a Meeting the Debtor testified that he has three dependents, his 18 year old son and two boys ages 9 and 14.  Schedule I goes on to list monthly expenditures of $10,754.15. On line 23b of Schedule J the Debtor states his monthly net income after expenses is $8.29. *See Docket #1, at 39 & 30.*

9. The Schedule A filed by the Debtor lists his Primary Residence located at 7940 Bethelen Woods Lane, Springfield, VA 22153 which he values at $376,500. *See Docket #1, page 10.*

10. Schedule B *(See Docket #1, pages 11-15)* filed by the Debtor lists personal property totaling $252,596.42 which is comprised of:

| | |
|---|---|
| 2006 Nissan Pathfinder | $2,600.00 |
| 2014 Nissan Rogue | $9,200.00 |
| Household goods and furnishings | $689.50 |
| Electronics: laptop, tv | $462.00 |
| Clothing | $600.00 |
| Jewelry: wedding ring | $1,200.00 |
| Cash kept on hand | $1,500.00 |
| Deposits of Money: checking and savings | $543.30 |
| Retirement or pension accounts: 401k T. Rowe Price | $222,801.62 |
| Interest in insurance policies:  insurance | $13,000.00 |

11. Schedule D *(See Docket #1, pages 19 and 20)* filed by the Debtor lists secured debts totaling $209,623.00 which is comprised of:

| | |
|---|---|
| Capital One Auto Finance – 2014 Nissan | $9,236.00 |
| PNC Mortgage – First Mortgage - Residence | $175,482.00 |
| PNC Mortgage – Second Mortgage - Residence | $24,505.00 |

12. On Schedule E *(See Docket #1, page21)*, filed by the Debtor lists no creditors holding unsecured priority claims.

13. Schedule F *(See Docket #1, pages 21 to 24)* lists $47,555.00 in non-priority unsecured debt which is comprised of:

| | |
|---|---|
| American Express – credit card | $12,788.00 |
| ASAP Federal Resource Grp LLC – civil claim | Unknown |
| Home Depot – Credit | $269.00 |
| Macy's  - Credit | $1,500.00 |
| MOHELA – student loan – not in repayment | $32,978.00 |
| Planet Fitness – Gym membership | $20.00 |

14. The Debtor admits that his debt is primarily consumer debt. *See Docket #1, page 6.*

## THE CASE SHOULD BE DISMISSED FOR ABUSE

### The presumption of abuse arises under § 707(b)(2)

15. Section 707(b)(2)(A)(I) provides, in pertinent part:

…the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of –

(I) 25 percent of the debtor's nonpriority unsecured claims in the case or $7,475, whichever is greater; or

(II) $12,475.

16. According his Means Test Form, the Debtor calculates his current monthly income is $12,414.17. He calculates deductions for allowances and expenses as $12,579.00.[1]

17. The Debtors' Means Test Form, as filed, also indicated that a presumption of abuse did not arise in his case because his 60-month disposable income under § 707(b) (*Line 40* of the Official Form 22A-2) is less than $7,700.

18. The United States Trustee contends that the Debtor has taken a deduction on the Means Test Form for which he is not entitled. Specifically, on Line 3 of the Means Test Form the forms asks the Debtor to "adjust your current monthly income by subtracting any part of your spouses' s income not used to pay for the household expenses of you or your dependents" ("Marital Deduction").  In this case, that deduction totals $4,203.00, consisting of the following (*See Docket#1, page 45*):

---

[1] Chapter 7 Mean Test Calculation-Official Form 22A-2, Line 39a and 39b.

| | |
|---|---|
| Wife's credit cards | $ 506.00 |
| Support son in college | $1,444.00 |
| Private school | $1,945.00 |
| Vacation | $308.00 |

19. The United States Trustee contends that the education expenses and the vacation expense, totaling $3,697, are actually household expenses and should not be included in the adjustment.

20. Once this deduction is reduced, the Debtors' Means Test Form would show monthly disposable income on line 39d of the Form B22A-2 in an amount sufficient to exceed the threshold for presumption of abuse under 11 U.S.C. § 707(b)(2)(A)(I).

21. Thus, the Court should therefore dismiss this case as an abuse of the chapter 7 provisions pursuant to 11 U.S.C. § 707(b)(1), based upon the presumption of abuse that arises pursuant to 11 U.S.C. § 707(b)(2).

<strong>Under The "Totality Of The Circumstances" Test<br>Of § 707(b)(3)(B) This Case Is Abusive</strong>

22. Although the United States Trustee believes that the presumption of abuse arises in this case, if the Court finds that the presumption does not arise, the United States Trustee asserts that this case should be dismissed as an abuse under the provisions of 11 U.S.C. § 707(b)(3).

23. The provisions of 11 U.S.C. § 707(b)(1) allow the Court to dismiss a chapter 7 case filed by an individual with primarily consumer debt (or convert it to chapter 13 with the debtor's consent), if the Court finds that the granting of relief would be an abuse of the provisions of chapter 7.

24. Section 707(b)(3) further provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –

> (A) whether the debtor filed the petition in bad faith; or

(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

25. In considering the "totality of the circumstances" Courts have found that the ability to pay, in and of itself, is sufficient justification to dismiss a case. *See In re Henebury*, 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007)(finding that under BAPCPA "the ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. §707(b)(3)(B).").

26. In a pre-BAPCPA case, the Fourth Circuit has also recognized a debtor's ability to repay as a "*primary* factor" to be considered in dismissing a case for "substantial abuse" but declined to hold that ability to repay, standing alone, would justify dismissal in a case decided under the previous version of § 707(b). *In re Green*, 934 F.2d 568, 572 (1991)(emphasis in original). Instead, the court adopted an approach that considers various factors in making the determination.

27. The United States Trustee submits that, in light of the post-BAPCPA statutory changes to § 707(b) when the totality of the debtors' financial circumstances indicates that they have the ability to repay their debts without undue hardship, as in this case, it would be an abuse to grant them a chapter 7 discharge. At the very least, the debtors' ability to pay has significantly more weight since the 2005 amendments.

28. In this case the Debtors' Schedules I & J(23c) shows that his reported monthly income, after payroll deductions and monthly expenses is $8.29. However, the Debtor includes in his monthly budget $1,945.00 in childcare and children's education costs, $1,644.00 for payments to family in Ghana and for support of an adult son in college.

29. Additionally, according to Line 5c of Schedule I, the Debtor is contributing $738.83 in voluntary contributions to a retirement plan.

30. Furthermore, the United States Trustee contends that the Debtor cannot prefer to pay for private schooling for his two young children or pay for the schooling of his adult child or contribute to his 401(k) plan over paying his creditors.

31. When these expenses are removed, the Debtors will have disposable income that may be used to pay his creditors through a chapter 13 plan.

32. This ability to repay a portion of the Debtors' unsecured non-priority claims, under the totality of the circumstances of this case, is an abuse of the provisions of chapter 7 within the meaning of 11 U.S.C. § 707(b)(3). Thus, this case should be dismissed pursuant to 11 U.S.C. § 707(b)(1).

WHEREFORE, the United States Trustee prays that, pursuant to § 707(b)(1), the Court dismisses this case, and for such other and further relief as is just and proper.

January 28, 2019                           JOHN P. FITZGERALD, III
                                           U.S. TRUSTEE, REGION 4


                            By:   */s/ Joseph A. Guzinski*
                                  Joseph A. Guzinski
                                  Asst. U. S. Trustee
                                  Office of United States Trustee
                                  1725 Duke Street, Suite 650
                                  Alexandria, VA 22314
                                  (703) 557-7274
                                  joseph.a.guzinski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, I electronically filed the foregoing with the Clerk of the Court and, under Fed. R. Bankr. 9036 and CM/ECF Policy 9, served it on the parties listed below who are registered Users of the of the CM/ECF system, by the Notice of Electronic filing generated by the Court's ECF system; and upon all the parties listed below, by first class mail, postage prepaid.

Isaac K. Amankwah
7940 Bethelen Woods Lane
Springfield, VA 22153
*Debtor/Respondent*

Lois Ilaine Upton
Upton Law Firm
7369 McWhorter Place Suite 412
Annandale, VA 22003
uptonbknotices@gmail.com
*Counsel for Debtor/Respondent*

Janet M. Meiburger
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726
trustee@meiburgerlaw.com
*Chapter 7 Trustee*

*/s/ Ilene Sims*
Ilene Sims
Legal Assistant