IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re    Isaac K. Amankwah | : | |
| | : | Case No. 18-13848-BFK |
| Debtor | : | |
| | : | Chapter    7 |
| | : | |

## MEMORANDUM IN OPPOSITION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS

COMES NOW Isaac K. Amankwah, by counsel, and opposes the Motion to Dismiss filed herein by the United States Trustee, and, in support of which, states as follows:

### STATEMENT OF FACTS

1. Debtor, Isaac K. Amankwah, is married to Ellen Amankwah, who is not a debtor in this case. For purposes of this case, Mrs. Amankwah will be referred to as the Non-Filing Spouse ("NFS").

2. Mrs. Amankwah is gainfully employed as a Director of Human Resources for ATI Solutions, and grosses approximately $90,000/year.

3. The couple have three dependent sons. Debtor's Schedule J only lists one, which is an error.

4. The two younger sons attend Flint Hill School, an expensive private preparatory school in Oakton, VA. Mrs. Amankwah pays for their tuition, books and other incidentals, out of her own pocket.

5. The two younger sons also play football for Flint Hill. Mrs. Amankwah also pays the expenses associated with being on the football team out of her own pocket.

6. Mrs. Amankwah estimates that she pays approximately $1945/mo. out of her own pocket for their sons to attend Flint Hill and play football. (Exhibits One and Two)

7. The older son is a college student who lives off campus during the school year. He is unable

to drive, so Mrs. Amankwah pays for him to Uber to and from class. She estimates that she pays approximately $1440/mo. out of her own pocket for this son to attend college. (Exhibit 3)

8. Mrs. Amankwah also pays, out of her own pocket, approximately $308/mo. for family vacations.

9. Mr. and Mrs. Amankwah send approximately $200/mo. to their families in Ghana.

10. In response to the informal request of the United States Trustee, Mrs. Amankwah provided voluminous documentation for these expenses.

11. The United States Trustee is not challenging the accuracy of Mrs. Amankwah's calculations, but the fact that Mr. Amankwah seeks to exclude them from his current monthly income. Rather, the United States Trustee argues that these are "household expenses", presumably bringing them within the ambit of 11 USC 101(10A)(B).

## ARGUMENT

Debtor is married. If this were a joint case, that would end the discussion, because 11 USC 101(10A)(A) defines "current monthly income" as "the average monthly income from all sources that the debtor receives (or in a joint case the debtor **and** the debtor's spouse receive)." However, this is not a joint case. Debtor's spouse did not file bankruptcy, period, and is certainly not a party to this case. Thus, "current monthly income" is defined by 11 USC 101(10A)(B), "any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the *household expenses* of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent)."

Debtor suggests to the Court that the primary question before the Court is the definition of "household expenses," which are not defined anywhere in the Bankruptcy Code, nor, apparently, anywhere else in the United States Code or federal regulations. Debtor further suggests to the Court that, while reason and common sense suggest that "household expenses" should be given the

general meaning found in the vernacular, for purposes of bankruptcy, the only "household expenses" which can actually be deducted are those reasonably *necessary* for the maintenance and support of the Debtor and the Debtor's dependents. Private school tuition, the costs of playing high school football, college room, board and tuition, and vacations are not *necessary* expenses.

In fact, the United States Trustee is the source for the standards used to prepare the deductions built into the Means Test. https://www.justice.gov/ust/means-testing/20180501

Section I of the Means Test calculations starts with Census Bureau data, which provides median family income by state and family size.

Section II of the Means Test references the IRS collection standards, namely, National Standards: Food Clothing & Other Items, derived from data from the Bureau of Labor Statistics; National Standards: Out-of-Pocket Health Care Expenses, derived from medical surveys, and Local Standards. Housing and Utilities and Transportation, derived from Census and BLS data. These standards are used by the Internal Revenue Service to fill out IRS Form 433, to determine whether a taxpayer who is unable to pay their tax in full when due is eligible for some form of tax resolution. Attached is a sample IRS Form 433 (Exhibit 4), Publication 1854, which explains how to fill out Form 433 (Exhibit 5), and Section 5.15 from the Internal Revenue Manual (Exhibit 6, which goes into the details of financial analysis in an IRS collection action).

Revenue Officers are not "winging it" when they fill out Form 433, they adhere to the Collection Standards, as directed by the Internal Revenue Manual. (The Bankruptcy Code does allow for some deductions which are not contained in the Collection Standards, e.g., charitable contributions. 11 U.S.C. § 1325(b)(2)(A)).

Debtor submits to the Court that, absent a medically compelling reason, he, personally, as a debtor, would not be allowed to deduct private school tuition for his minor children, nor would he be allowed to deduct college room, board and tuition for his college age son, nor vacations, on his

Means Test.  If the shoe was on the other foot, and his wife was a joint debtor, she would not be allowed to deduct those expenses, either.

It is Debtor's position that the above-described payments by Mrs. Amankwah would never be allowed if she was a debtor.  Therefore, they do not fall within the definition of "household expenses", 11 USC 101(10A)(B), and are, therefore, properly excluded from Debtor's "current monthly income" via Marital Adjustment.

WHEREFORE, Debtors respectfully prays that the United States Trustee's Motion to Dismiss be DENIED.

Respectfully submitted,

Isaac K. Amankwah
By counsel

By:
__/s/ Lois Ilaine Upton_____
Lois Ilaine Upton VSB #31153
Upton Law Firm
7369 McWhorter Place, Suite 412
Annandale VA 22003
(571) 302-4886  (phone) (703) 941-0262 (fax)
uptonlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was served pursuant to CM/ECF on the United States Trustee and the Chapter 7 Trustee on this 5th day of March, 2018.

__/s/ Lois Ilaine Upton_____
Lois Ilaine Upton